UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS E. KENNEDY,

          Petitioner,

    v.

DARREN SWENSEN,

          Respondent.

Case No.  C06-5446FDB

REPORT AND
RECOMMENDATION

Noted for **December 15, 2006**

Petitioner is a state prisoner currently incarcerated at the Prairie Correctional Facility, in Minnesota. Petitioner is serving a 189 month prison sentence as a consequence of a July 9, 2002, conviction for three counts of First Degree Rape of a Child arising out of Cowlitz County, Washington.   Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 challenging his Washington state conviction and sentence. The matter is before the court on Respondent's Answer to the petition, which asks the court to dismiss the matter as time barred (Doc. 10).  After a careful review of the record, the undersigned submits the following report and recommends that the Court deny the petition for writ of habeas corpus as untimely.

<u>DISCUSSION</u>

A one-year period of limitation applies to federal petitions for writ of habeas corpus.  The relevant statute states:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by conclusion of direct

1  review or the expiration of the time for seeking such review;

2  (B) the date on which the impediment to filing an application created by
3  State action in violation of the Constitution or laws of the United States is
   removed, if the applicant was prevented from filing by such State action;

4  (C) the date on which the constitutional right asserted was initially
5  recognized by the Supreme Court, if the right has been newly recognized by
   the  Supreme Court and made retroactively applicable to cases on collateral
6  review;  or

7  (D) the date on which the factual predicate of the claim or claims  presented
   could have been discovered through the exercise of due diligence.

8  (2) The time during which a properly filed application for State post-conviction or
   other collateral review with respect to the pertinent judgment or claim is pending shall not
9  be counted toward any period of limitation under this subsection.

10  28 U.S.C. § 2244(d).

11  The one year period of limitation is subject to equitable tolling, thus, the period may be equitably

12  tolled by the court "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a

13  petition on time."  Id. at 1288, *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997).

14  The Ninth Circuit commented, "We have no doubt that district judges will take seriously Congress's desire

15  to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is

16  surmounted."  Id. at 1289.  The Supreme Court recently held, "that time limits, no matter their form, are

17  'filing' conditions.  Because the state court rejected petitioner's PCRA petition as untimely, it was not

18  properly filed, and he is not entitled to statutory tolling under § 2244(d)(2).  Pace v. DiGuglielmo, 544

19  U.S. 408, 125 S. St. 1807, 1814 (2005).

20  Here,  petitioner was sentenced by the state trial court on or about October 2, 2002.  Mr. Kennedy

21  appealed his conviction and sentence to the State Court of Appeals, which upheld the conviction on March

22  26, 2004.  Mr. Kennedy did not pursue further relief on direct review, such as petition the Washington

23  State Supreme Court for review.  Thus, the one-year period of limitations began to run on or about June 1,

24  2004 (which allows for the 30 day period in which Petitioner could have filed a motion for review by the

25  Washington State Supreme Court).

26  Time ran until April 4, 2005, (more than 10 months) when Mr. Kennedy filed a Personal Restraint

27  Petition ("PRP") with the State Court of Appeals.  Filing of the PRP tolled the federal one-year period of

28  limitations until January 31, 2006, which is the date the Washington Supreme Court denied Petitioner's

1  motion to review the state court's denial of his PRP.   More than six months expired before Mr. Kennedy

2  filed the instant matter, on or about August 7, 2006.   The federal one-year period of limitation expired on

3  or about April 1, 2006.   The court finds no reason to toll the period of limitations beyond this date.

4                                                      CONCLUSION

5          Petitioner did not timely filed his petition for writ of habeas corpus.   Respondent's motion to

6  dismiss the petition should be GRANTED.   Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the

7  Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file

8  written objections. *See also* Fed.R.Civ.P. 6.   Failure to file objections will result in a waiver of those

9  objections for purposes of appeal.   Thomas v. Arn, 474 U.S. 140 (1985).   Accommodating the time limit

10  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 15, 2006**, as

11  noted in the caption.

12          DATED this 16th day of November, 2006.

13

14                                          /s/ J. Kelley Arnold
                                            J. Kelley Arnold
                                            United States Magistrate Judge

15